SPERO et al. v. HOLOSCHUTZ.

(Supreme Court, Appellate Term.    October, 1901.)

BANK CHECK—BONA FIDE HOLDER—EVIDENCE.

 Parties accepting a check several days past due, and on the face of which were the letters "N. G.," written by a bank which had dishonored it, in payment for goods purchased two months prior thereto, will not be deemed bona fide purchasers in good faith and for value, and cannot recover thereon where the drawer had paid the check.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Joachim Spero and another against Isaac Holoschutz. From a judgment in favor of the plaintiffs, the defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Aaronstamm & Chorosh, for appellant.

Krakower & Peters, for respondents.

FREEDMAN, P. J. The facts in this case are substantially undisputed. On the 26th day of April, 1897, the defendant made and delivered his check, payable to one Kornreich, for the sum of $50. Within two or three days thereafter Kornreich notified the defendant that payment upon the check had been refused by the bank upon which it had been drawn, and thereupon the defendant paid Kornreich the amount of the check in cash. Kornreich, having no bank account, had deposited the check with Tannenbaum & Co., and the defendant did not obtain the return of the check. Subsequently Kornreich delivered the check to these plaintiffs in payment of some merchandise purchased of them by him some two months prior thereto. The exact time of the delivery of the check to the plaintiffs does not appear, but one of the plaintiffs testified that he did not receive it in the month of April. Consequently we may assume that it was several days past due when the plaintiffs received it, and they, having taken it for a precedent debt, parted with no value. The check showed by the indorsements that it had passed through a bank, and it had written upon its face the letters "N. G." at the time plaintiffs gave Kornreich credit for it upon his account with them. From all the facts and circumstances disclosed by the testimony it conclusively appears that the plaintiffs cannot be considered bona fide purchasers in good faith and for value, but must be deemed to have taken the check subject to the equities existing between the drawer and the payee; and, it being undisputed that the drawer had paid the check, the judgment in favor of the plaintiffs must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.